UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-CR-0106-CVE (08-CV-762-CVE-TLW) |
| RICKY LEE RADABAUGH, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On December 19, 2008, defendant Ricky Lee Radabaugh, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 54). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On June 7, 2007, the grand jury returned an indictment charging defendant with possessing a firearm after a former felony conviction under 18 U.S.C. §§ 922(g) and 924(e) (Count One) and knowingly possessing an unregistered rifle with a barrel of less than 26 inches in violation of 26 U.S.C. §§ 5841, 5845(a)(2), 5861(d) and 5871 (Count Two). The indictment alleged that defendant had four prior convictions:

1. DUI Second Offense - Felony on March 4, 1996, in Case No. CF-1995-1088 in the 14th Judicial District Court of Tulsa County, State of Oklahoma;

      2.      Failure to Comply with Personal Recognizance/felony on March 4, 1996, in Case No. CF-1996-13 in the 14th Judicial District Court of Tulsa County, State of Oklahoma;

      3.      DUI - Second Offense/Felony AFCF on December 18, 1998, in Case No. CF-1998-2151 in the 14th Judicial District Court of Tulsa County, State of Oklahoma; and

      4.      Aggravated Driving While under the Influence of Alcohol - AFC on August 09, 2001, in Case No. CF-2001-321, in the District Court of Washington County, Oklahoma . . . .

Dkt. # 2, at 1. Defendant made his initial appearance on June 15, 2007, and Assistant Federal Public Defender Shannon McMurray was appointed to represent him.

McMurray advised defendant of the law applicable at the time, and informed defendant that he faced a mandatory minimum sentence of 15 years as to Count One. Dkt. # 59, Ex. 1, at 2 (affidavit of Shannon M. McMurray). Under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), a person convicted of an offense under 18 U.S.C. § 922(g) and who has three prior convictions for violent felonies is treated as an armed career criminal and must be sentenced to at least 15 years but no more than life imprisonment. At the time, existing Tenth Circuit precedent treated a felony conviction for driving under the influence of alcohol (DUI) as a violent felony under the ACCA. See United States v. Begay, 470 F.3d 964 (10th Cir. 2006). The Tenth Circuit also treated prior convictions for DUI as a crime of violence under § 4B1.2 of the United States Sentencing Guidelines. See United States v. Moore, 420 F.3d 1218 (10th Cir. 2005). McMurray negotiated a plea agreement on behalf of defendant. In the plea agreement, defendant agreed to change his plea to guilty on Count Two and the government agreed to dismiss Count One.

Defendant also agreed to a waiver of his appellate and post-conviction rights.[1] McMurray advised defendant that he would not be sentenced as an armed career criminal if he pled guilty to Count Two, but his prior convictions would be used to calculate his criminal history category under the United States Sentencing Guidelines (USSG). Dkt. # 59, Ex. 1, at 1. Defendant agreed to accept the plea agreement and change his plea to guilty as to Count Two.

The Court held a change of plea hearing on August 7, 2007. The Court determined that defendant's guilty plea to Count Two was knowing and voluntary, and accepted his guilty plea. Dkt. # 18. The United States Probation Office for the Northern District of Oklahoma prepared a presentence investigation report stating that the base offense level for Count Two was 26 under USSG § 2K2.1, because the firearm involved in the offense was listed in 26 U.S.C. § 5845(a) and he had at least two prior convictions for crimes of violence as defined in USSG § 4B1.2. Presentence Investigation Report, at 6. Defendant was also classified as a career offender under USSG § 4B1.1, which provided a base offense level of 24. Id. However, the base offense level under § 4B1.1 was lower than the offense level under § 2K2.1, and the base offense level of 26 under 2K2.1 was used to calculate defendant's sentence. Id. Defendant received a three level reduction for acceptance of responsibility, which resulted in a total offense level of 23. Based on a total offense level of 23 and a criminal history category of VI, the sentencing guidelines recommended a sentencing range of 92 to 115 months. Defendant filed a sentencing memorandum

---

[1] The government has not invoked the waiver, and the Court may not sua sponte enforce an appellate and post-conviction waiver. United States v. Contreras-Ramos, 457 F.3d 1144, 1145 (10th Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"). Therefore, the Court may consider all of defendant's claims without determining whether any of defendant's claims are barred by the appellate and post-conviction waiver contained in the plea agreement.

requesting a downward departure from the sentencing guideline range. Dkt. # 26. The government filed a sentencing memorandum (Dkt. # 37) recommending a sentence at the low end of the guideline range, but opposed defendant's request for a downward departure. Dkt. # 39.

The Court held a sentencing hearing on November 28, 2007 and sentenced defendant to 92 months imprisonment, a three year term of supervised release, and a fine of $3,600. The Court entered a final judgment and commitment (Dkt. # 42) on December 13, 2007. Defendant filed a notice of appeal on December 26, 2007. However, the Tenth Circuit Court of Appeals dismissed defendant's appeal on March 10, 2008, because his claims on appeal fell within the appellate waiver contained in his plea agreement. Dkt. # 51.

On September 25, 2007, the Supreme Court granted a petition for writ of certiorari and agreed to review the Tenth Circuit's decision in United States v. Begay, 470 F.3d 964 (10th Cir. 2006). The issue before the Supreme Court was whether DUI was a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). On April 16, 2008, the Supreme Court issued a decision reversing the Tenth Circuit and holding that DUI was not a violent felony under the ACCA. In a subsequent decision, the Tenth Circuit found that the Supreme Court's decision in Begay also overruled Moore and DUI is no longer a crime of violence as defined in USSG § 4B1.2. United States v. Tiger, 538 F.3d 1297 (10th Cir. 2008).

Defendant filed his § 2255 motion (Dkt. # 54) on December 19, 2008 raising three claims of ineffective assistance of counsel and a separate claim alleging that the Supreme Court's decision in Begay entitles defendant to a new sentencing hearing. The government filed a response (Dkt. # 59) asking the Court to deny defendant's claims of ineffective assistance of counsel, but the government agreed that defendant should receive a new sentencing hearing due to Begay.

4

**II.**

Defendant raises four claims in his § 2255 motion. He argues that: 1) defense counsel was ineffective for advising defendant that he faced a 15 year mandatory minimum sentence as to Count One; 2) he was denied due process because the Court treated his convictions for DUI as crimes of violence; 3) defendant's decision to change his plea to guilty on Count Two was based on inaccurate advice concerning defendant's potential sentence for Count One, and he would not have signed a plea agreement containing an appellate and post-conviction waiver if he had received accurate advice; and 4) appellate counsel was ineffective for failing to seek rehearing by the Tenth Circuit when Begay was pending before the Supreme Court.

**A.**

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance. See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

**B.**

Defendant's claims of ineffective assistance of counsel (Claims One, Three, Four) are each based on his assertion that defense counsel provided inaccurate advice by failing to advise him of a potential change in the law. Specifically, he claims that his trial and appellate counsel should have sought continuances or rehearings based on the petition for certiorari filed in Begay. The government responds that defendant was accurately advised of his possible minimum and maximum sentences based on the existing law at the time he was sentenced, and he did not receive ineffective assistance of counsel.[2]

---

[2] Defendant's ineffective assistance of counsel claims are moot to the extent that he seeks resentencing because, as will be discussed infra, defendant is entitled to be resentenced due to Begay. However, he also argues that he would not have pled guilty to Count Two if defense counsel had provided accurate advice concerning his potential sentence under Count One, and this suggests that defendant is challenging the validity of his guilty plea. Therefore, his ineffective assistance of counsel claims are not entirely moot.

6

The Sixth Amendment guarantees a defendant in a criminal case the right to the effective assistance of counsel. However, defense counsel is not required to predict future changes in the law. United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant."); Brown v. United States, 311 F.3d 875, 878 (10th Cir. 2002) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law."); United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995) (same). Counsel is not ineffective under the Sixth Amendment if a subsequent change to the law could lead to a reduction in the defendant's sentence. Valenzuela v. United States, 261 F.3d 694 (7th Cir. 2001) (defense counsel could not be found ineffective for failing to predict the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000)); Randolph v. Delo, 952 F.2d 243 (8th Cir. 1991) (defense counsel's failure to challenge prosecutor's use of peremptory challenges before Batson v. Kentucky, 476 U.S. 79 (1986), was decided did not constitute ineffective assistance of counsel).

In this case, defendant claims that he would not have accepted the government's plea agreement if his attorney had informed him that his prior DUI convictions would not be treated as violent felonies under Begay. However, defense counsel accurately advised defendant about his possible minimum and maximum sentences under existing law and nothing more was required. Based on the felony convictions listed in the indictment, defendant was eligible for sentencing under the ACCA on Count One and defense counsel's advice that he would receive at least a 15 year sentence as to Count One was correct. At the time defendant pled guilty, the Supreme Court had not accepted certiorari in Begay, and it had recently denied a petition for writ of certiorari on the same issue. See Gwartney v. United States, 127 S. Ct. 2097 (April 23, 2007). If counsel had

informed defendant that his prior felony convictions were not violent felonies under the ACCA, she would have been misrepresenting the existing state of the law and she would have had no reasonable basis to believe the law was likely to change. Neither defendant's trial nor appellate counsel had an obligation to request a continuance or a rehearing merely on the possibility that the Supreme Court would reverse existing Tenth Circuit precedent in Begay. See Gonzalez-Lerma, 71 F.3d at 1542 (rejecting defendant's argument that his trial counsel should have requested a continuance of the sentencing hearing based only on the possibility of a favorable change in law, because it would create an "ominous situation in which every attorney whose client faces sentencing would attempt to delay sentencing each time lawmakers debate a new statute or amendment"). Defendant's ineffective assistance of counsel claims are based on his assertion that trial counsel should have advised him about a potential change in the law, or his trial or appellate counsel should have delayed his proceedings until Begay was decided. As defendant received accurate advice based on existing law and neither trial nor appellate counsel were obligated to seek continuances or rehearing based on a potential change in the law, defendant's claims of ineffective assistance should be denied.

**C.**

Defendant claims (Claim Two) that his prior convictions for DUI were treated as crimes of violence under the sentencing guidelines when he was sentenced, but these offenses are no longer treated as crimes of violence and he is entitled to be resentenced. In this case, the Court considered defendant's three felony convictions for DUI as crimes of violence under USSG § 4B1.2 when it calculated defendant's criminal history category under the sentencing guidelines. Defendant received a 92 month sentence based, in part, on the Court's determination that defendant had a criminal history category of VI under the sentencing guidelines. However, the Tenth Circuit has

since decided that Begay changes the interpretation of USSG § 4B1.2, and DUI is no longer a crime of violence under this section of the sentencing guidelines.

To determine whether defendant can seek relief based on the rule announced in Begay through a § 2255 motion, the Court must consider whether Teague v. Lane, 489 U.S. 288 (1989), applies and, if so, whether defendant can rely on Begay as a basis for relief in collateral proceedings. In Teague, the Supreme Court held that new rules of criminal procedure are generally inapplicable to cases on collateral review. Id. at 305-06. The Supreme Court has subsequently clarified that a "new rule applies retroactively in collateral proceedings only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceedings." Whorton v. Bockting, 127 S. Ct. 1173, 1180 (2007). An example of a new substantive rule was the rule created in Bailey v. United States, 516 U.S. 137 (1995), when the Supreme Court held that the "use" element of 18 U.S.C. § 924(c)(1) required the government to prove "active employment of the firearm" rather than mere possession. Id. at 144. In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court determined that Bailey announced a new substantive rule and Teague did not prevent the defendant from raising a claim based on Bailey in collateral proceedings. Bousley, 523 U.S. at 619-20 ("because Teague by its terms applies only to procedural rules, we think it is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress."). The Supreme Court has not recognized any new rule of criminal procedure as a watershed rule since Teague was decided. Whorton, 127 S. Ct. at 1181-82.

The government concedes that Begay announced a new substantive rule and defendant's claim for re-sentencing is not subject to the restrictions of Teague. A rule is procedural if it "merely

9

raise[s] the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise," while a substantive rule "narrows the scope of a criminal statute by interpreting its terms . . . [or] place[s] particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). In Begay, the Supreme Court construed the ACCA and found that DUI did not fall within the statutory definition of a violent felony. Begay, 128 U.S. at 1588. Begay did not craft a new sentencing procedure but, as interpreted by the Tenth Circuit in Tiger, it limited the types of crimes that may treated as crimes of violence under the sentencing guidelines. Tiger, 538 F.3d at 1298 ("Because the Court's reasoning in Begay applies equally to the sentencing guidelines, we hereby overrule our holding in Moore that '[d]riving while intoxicated clearly presents a 'serious potential risk of physical injury to another' and therefore is a crime of violence under § 4B1.2'"). A new rule is substantive if it limits the reach of a federal criminal statute and creates a risk that a person has been punished for "an act that the law does not make criminal" or, in this case, that a person's sentence has been increased based on conduct outside the scope of the federal statute used to enhance the person's sentence. See Bousley, 523 U.S. at 620-21. Under the Supreme Court's decision in Begay and as construed by the Tenth Circuit in Tiger, a defendant's criminal history category under the sentencing guidelines may not be enhanced by treating a conviction for DUI as a crime of violence, and a defendant who was classified as a career offender, based in part, on a DUI conviction may have been improperly sentenced. The Court finds that Begay announced a new substantive rule, rather than a procedural rule, because Begay limits the authority of a court to increase a defendant's punishment for certain types of conduct. Therefore, Teague is inapplicable and defendant may rely on Begay to challenge his sentence in a § 2255 motion.

After reviewing defendant's § 2255 motion, the Court finds that his motion should be granted as to Claim Two, because defendant may be entitled to a reduced sentence under Begay, as this decision was interpreted by the Tenth Circuit in Tiger.[3]  The Court has set this matter for re-sentencing on May 8, 2009 at 10:30 a.m.  Dkt. # 61.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 54) is **granted in part** and **denied in part**: his motion is **granted** as to his claim (Claim Two) for resentencing under the Supreme Court's decision in Begay; his motion is **denied** as to his claims of ineffective assistance of counsel (Claims One, Three, Four).

**DATED** this 5th day of March, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Defendant's § 2255 motion suggests that his base offense level will be reduced to 20 and his guideline range will be substantially reduced.  Dkt. # 55, at 10.  The Court will refer this matter for a new presentence investigation report, and takes no position on the sentence defendant may receive at his resentencing hearing.

11